# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 636 | **DATE** | 2/5/2004 |
| **CASE TITLE** | Patterson vs. Koorner | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 2/26/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss is granted in part and denied in part. The Illinois State Police are dismissed with prejudice from Counts I, III, and IV pursuant to the Eleventh Amendment. The official capacity claims of Counts I, III, and IV against Koerner and Shay are dismissed without prejudice for lack of jurisdiction. Plaintff is given leave to file an amended complaint, if any, consistent with FRCP 11, within fourteen days of this order. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 0 6 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 31 |
| | Copy to judge/magistrate judge. | '04 FEB -5 PM 3:53 | | |
| MF | courtroom deputy's initials | 03-636 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES PATTERSON, JR., | ) |
| Plaintiff, | ) |
| | ) No. 03 C 0636 |
| v. | ) |
| | ) Judge John W. Darrah |
| CHRIS KOERNER, ERIK SHAY, and ILLINOIS STATE POLICE, | ) |
| Defendants. | ) |

**DOCKETED FEB 0 6 2004**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles Patterson, Jr., filed suit against Defendants, Chris Koerner, Erik Shay, and the Illinois State Police, alleging violations of 42 U.S.C.§§ 1983 and 1985. Presently pending before the Court is the Defendants' Motion to Dismiss.

A reading of the Second Amended Complaint supports the following summary of the alleged operative conduct of the parties.

On April 17, 2001, Koerner, a State Trooper of the Illinois State Police, stopped Patterson for allegedly speeding on Interstate 57. Koerner contacted Shay, a canine officer with the Illinois State Police, to request his assistance in the traffic stop. Shay informed Koerner that it would take him forty-five minutes to an hour to arrive at Koerner's position. Without waiting for Shay, Koerner issued a warning citation and released Patterson from the traffic stop.

Approximately twenty minutes later, Shay stopped Patterson's vehicle for alleged improper lane usage on Interstate 57. Shay issued a written warning to Patterson for improper lane usage and a citation for failure to wear a seat belt. Koerner then arrived at the second traffic stop. Koerner and

1

31

Shay sought consent from Patterson to search Patterson's vehicle. Patterson consented to a limited search of the passenger compartment of the vehicle. Koerner and Shay conducted a search of the trunk and engine compartment of the vehicle, which resulted in the discovery and seizure of drugs, a gun, and ammunition. Koerner and Shay placed Patterson under arrest. During interrogation at the State Police headquarters, Patterson confessed to the possession of the drugs, gun and ammunition.

On June 5, 2001, Patterson filed a Motion to Suppress Evidence in state court. On January 4, 2002, the state court granted Patterson's Motion to Suppress Evidence and ordered the suppression of the drugs, gun, ammunition and Patterson's confession, finding that the evidence and confession had been obtained as a result of the contravention of Plaintiff's constitutional rights. Patterson was released from jail after spending nine months in custody.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain", and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading relies

upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

In Count I, Patterson alleges that the Defendants, in their official capacities as Illinois State Police Troopers, violated his Fourth Amendment rights by illegally stopping him without having specific and articulable facts sufficient to give rise to a reasonable suspicion that Patterson committed a traffic violation. Patterson requests that this Court enjoin the Illinois State Police from continuing the policies, customs, and practices which enabled the deprivation of Patterson's constitutional rights. In Count II, Patterson alleges that Shay and Koerner, in their personal capacities, violated his Fourth Amendment rights by searching his vehicle without a lawful basis. Patterson requests that this Court award compensatory damages against Shay and Koerner. In Count III, Patterson alleges that Defendants, in both their official and personal capacities, violated his Fourth Amendment rights by confining him without a lawful basis. Patterson requests that this Court enjoin the Illinois State Police from continuing the policies, customs, and practices which resulted in the deprivation of Patterson's constitutional rights and that this Court award compensatory damages against Defendants Shay and Koerner. In Count IV, Patterson alleges that Defendants, in both their personal and official capacities, conspired to violate his Fourth Amendment rights by initiating the traffic stop without a legal basis. Patterson requests that this Court enjoin the Illinois State Police from continuing the policies, customs, and practices which resulted in the deprivation of his constitutional rights and that this court award compensatory damages against Defendants Koerner and Shay.

First, the Defendants argue that the Illinois State Police is immune from suit and that the Eleventh Amendment bars official capacity claims against the individual Defendants.

3

Generally, the Eleventh Amendment's sovereign immunity clause bars a suit in federal court against a state or its agencies unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's immunity. *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity, and a state is not a person within the meaning of Section 1983. *Quern v. Jordan*, 440 U.S. 332, 350 (1979); *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1988).

In addition, a suit against a state official in his or her official capacity is not a suit against the official; but, rather, it is deemed a suit against the official's office and, thus, is no different from a suit against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (*Graham*). However, suits against a state official are sometimes permissible. Official capacity actions for prospective relief are not treated as actions against the state; and, therefore, an action against a state official in his official capacity, when sued for injunctive relief, is allowed. *Graham*, 473 U.S. at 167 n.14. Finally, a suit against a state official in his personal capacity is not barred by the Eleventh Amendment. *Graham*, 473 U.S. at 165-67.

In the instant case, Plaintiff alleges claims against Defendants Koerner and Shay in both their official capacities and their individual capacities. Further, Plaintiff, in Counts I, III, and IV, seeks injunctive relief against Shay and Koerner in their official capacity and, in Counts II, III, and IV, compensatory and punitive damages against the Defendants in their individual capacity. Accordingly, Plaintiff has sufficiently pled causes of action against Shay and Koerner in their official capacity; and Defendants' Motion to Dismiss the official capacity claims against the individual Defendants pursuant to the Eleventh Amendment is denied.

4

However, the Illinois State Police are barred from suit pursuant to the Eleventh Amendment. Accordingly, Counts I, III, and IV are dismissed as to the Illinois State Police.

Alternatively, Defendants argue Plaintiff's pleas for injunctive relief must be dismissed for lack of jurisdiction because Plaintiff failed to demonstrate that he is likely to suffer future injury from the alleged misconduct.

A plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury." *City of Los Angeles v. Lyon*, 461 U.S. 95, 101 (1982) (*Lyon*). The injury or threat of injury must be both "real and immediate", not merely "conjectural" or hypothetical". *Lyons*, 461 U.S. at 101. Past encounters are not generally sufficient by themselves to show a likelihood of reoccurrence. *Lyons*, 461 U.S. at 102-03. A plaintiff must demonstrate a "personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions" exists. *Lyons*, 461 U.S. at 101.

In *Lyons*, the plaintiff sought to enjoin the City of Los Angeles from using a choke hold against suspects. *Lyons*, 461 U.S. at 98. The Court held that in order for Lyons to establish an actual controversy, he would have had to allege not only that he would have another encounter with the police but also that either all police officers in Los Angeles always employ a choke hold or that the City ordered or authorized the police officers to act in such a matter. *Lyons*, 461 U.S. at 106. The court held that Lyons failed to show that he is realistically threatened by a repetition of the events alleged in his complaint; and, therefore, he did not meet the requirements for seeking an injunction in a federal court. *Lyons*, 461 U.S. at 109. The Court reversed the Court of Appeals and held that the trial court properly dismissed the claim for failure to allege a case or controversy. *Lyons*, 461 U.S. at 110.

In the instant case, Patterson, an Arkansas resident, did not allege that he anticipates travel in Illinois in the near future. It is not until the Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss that the Plaintiff alleges that he frequently travels through Illinois on his way to visit relatives in Wisconsin. Plaintiff failed to plead that he is in immediate danger of sustaining some direct injury. Accordingly, Counts I, III, and IV requesting this Court to enjoin the Illinois State Police from continuing policies, customs, and practices are dismissed without prejudice. Furthermore, Plaintiff's official capacity claims against Shay and Koerner seeking injunctive relief must fail for the same reason. Accordingly, Plaintiff's official capacity claims against Shay and Koerner are dismissed without prejudice.

Contrary to Defendants' argument, Plaintiff's Second Amended Complaint sufficiently pleads notice of unlawful confinement and is not barred by the statute of limitations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers).

However, for the reason stated above, the Defendants' Motion to Dismiss is granted in part and denied in part. The Illinois State Police are dismissed with prejudice from Counts I, III, and IV pursuant to the Eleventh Amendment. The official capacity claims of Counts I, III, and IV against Koerner and Shay are dismissed without prejudice for lack of jurisdiction. Plaintiff is given leave to file an amended complaint, if any, consistent with Federal Rule of Civil Procedure 11, within fourteen days of this Order.

Dated: February 5, 2004

JOHN W. DARRAH
United States District Judge